# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON, <br><br> Plaintiff, <br><br> vs. <br><br> SHAWN EATHERTON, Buffalo County Attorney; PATRICK LEE, Buffalo County Attorney; KARI FISK, Buffalo County Attorney; MIKE MEFFOR, Buffalo County Attorney; NIEL MILLER, Buffalo County Sheriff's Office; CHAD HUNT, Buffalo County Jail Lt.; BRANDON BRUEGGEMANN, Buffalo County Sheriff Investigator; GERALD JORGENSEN, Judge; RYAN CARSON, Judge; STEPHEN POTTER, Attorney; and NANCY S. FREBERG, Attorney; <br><br> Defendants. | 8:19CV283 <br><br><br> **MEMORANDUM AND ORDER** |

    Plaintiff filed a Complaint on June 27, 2019. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. In conducting this review, the court will also consider Plaintiff's supplemental filings and motions to amend filed after his Complaint. (Filing Nos. 7, 13, 14, 16, 17, 18, 23, & 24.)

# I. SUMMARY OF COMPLAINT

Plaintiff is an inmate currently incarcerated at the Diagnostic and Evaluation Center ("DEC") in Lincoln, Nebraska. (*See* Filing No. 19.) He filed the present action while he was confined in the Buffalo County Jail and named eleven Defendants in his Complaint: Buffalo County Attorneys Shawn Eatherton, Patrick Lee, Kari Fisk, and Mike Mefford[1]; Buffalo County Sheriff Niel Miller and Investigator Brandon Brueggemann; Buffalo County Jail Lieutenant Chad Hunt; Judge Gerald Jorgensen; Judge Ryan Carson; and attorneys Stephen Potter and Nancy S. Freberg. (Filing No. 1 at CM/ECF pp. 1–2.) Broadly stated, Plaintiff asserts claims related to his pending state criminal proceedings in the District Court of Buffalo County, Nebraska, and related to the conditions of his confinement in the Buffalo County Jail.

Plaintiff alleges he was arrested on November 20, 2018, for several charges, including firearms charges. Investigator Brueggemann searched Plaintiff's property following his arrest and found no weapons, but Brueggemann then proceeded to recover Plaintiff's firearms from another individual to whom Plaintiff had given his firearms for safekeeping. Plaintiff alleges Brueggemann violated his Fourth Amendment rights by illegally seizing items that were not on Plaintiff's property at the time of the search. (*Id.* at CM/ECF pp. 6, 10–11.)

Following his arrest, Plaintiff was incarcerated in the Buffalo County Jail and alleges the Buffalo County Attorneys and Judge Jorgensen violated his Eighth Amendment "right to not be subject to excessive bail and cruel and unusual punishment by setting then keeping a prohibitively high bond and additionally enforcing civil contempt" for Plaintiff's refusal to provide the prosecution his iPhone passcode to access his mobile phone. (*Id.* at CM/ECF pp. 6–7, 11.) Plaintiff

---

[1] The docket sheet lists this Defendant as "Mike Meffor" as that is how the name appears in the Complaint's caption. (Filing No. 1 at CM/ECF p. 1.) However, in the remainder of the Complaint, Plaintiff refers to the Defendant as "Mike Mefford." (*Id.* at CM/ECF pp. 2, 6.) The court will utilize the latter spelling.

further asserts that "compelling access to his cell phone" violates his Fifth Amendment right against self-incrimination and the prosecution is violating his Second Amendment rights "by trying to force a felony on his record." (*Id.* at CM/ECF pp. 10–11.)

With respect to Plaintiff's claims regarding his conditions of confinement, he alleges Buffalo County is violating his First Amendment right to free speech by recording all his conversations. (*Id.* at CM/ECF pp. 6, 10.) Plaintiff also complains of excessive noise and extremely loud door slamming within the Buffalo County Jail contrary to the "acoustics policy in Ch. 15, Section 006, Subsection 006.03" of the Nebraska Jail Standards. (*Id.* at CM/ECF pp. 8–9; Filing No. 7.) As a result of the noise, Plaintiff alleges his hearing has been damaged and he has developed tinnitus. (Filing No. 1 at CM/ECF p. 9; Filing No. 7.) Plaintiff further complains about the complete lack of outdoor exercise and no outdoor recreation area at the jail. (Filing No. 7.)

As relief, Plaintiff seeks monetary damages[2] for pain and suffering, severe stress, mental anguish, physical harm, inadequate medical care, inadequate representation, and unethical behavior. (Filing No. 1 at CM/ECF p. 10.) Plaintiff also asks the court

> to remove my bond and stipulations and remove the civil contempt. I would also like the court to dismiss all charges against me. I would like the court to award me the damages I am claiming. I would like the court to authorize any exams or evaluations I require at the defendant's expense.

(*Id.*)

---

[2] In his Complaint, Plaintiff seeks $1,500,000,000.00 in damages. Plaintiff has filed two motions to amend the amount of damages claimed—first to $6 billion and most recently to $10 billion. (Filing Nos. 13 & 17.)

3

## II. SUMMARY OF MOTIONS TO AMEND

After filing his Complaint, Plaintiff filed several motions seeking to amend his Complaint to include additional civil rights violations and defendants. (Filing Nos. [13](#), [14](#), [16](#), [18](#), & [23](#).) Liberally construed, condensed, and summarized, Plaintiff seeks to add the following claims:

1. Deliberate indifference to Plaintiff's medical needs against Dr. Bradley Rogers, the Buffalo County Nurses, and any nurse practitioner or physician's assistant employed or used by the Buffalo County Jail ([filing no. 13](#));

2. Complaints about conditions at the Buffalo County Jail including inadequate library and periodical materials, in addition to the excessive noise and lack of outdoor recreation time ([filing no. 13](#));

3. A First Amendment claim against the Buffalo County Jail for denying Plaintiff the opportunity to attend bible study on July 10, 2019, at its scheduled time and, instead, offering Plaintiff time to see the pastor after Plaintiff filed a grievance ([filing no. 16](#));

4. A legal access claim against the Buffalo County Jail for impeding Plaintiff's efforts to represent himself pro se ([filing no. 16](#));

5. A Sixth Amendment claim against attorneys Chavez Shaw and Stephen Potter for poor legal representation and for lying to Plaintiff regarding the meaning of certain motions filed in Plaintiff's state criminal case ([filing no. 16](#));

6. A due process claim against attorney Lorilea Frank, the plaintiff's estranged wife's divorce attorney ([filing no. 14](#));

7. A due process claim against the State of Nebraska, Governor Pete Ricketts, and the Nebraska Attorney General because the "Buffalo County Judicial system is trying to keep District Judges from recusing themselves by claiming judicial immunity" in Plaintiff's divorce case and "is moving his cases around in an attempt to keep him from having a fair hearing" (filing no. 18); and

8. What is construed as a due process claim against Buffalo County District Court Judge John Marsh for not remaining recused from Plaintiff's divorce case (filing no. 23).

### III. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## IV. DISCUSSION

### A. Claims Related to Pending Criminal Proceedings

Liberally construed, Plaintiff seeks monetary and injunctive relief for alleged violations of his rights under the Second, Fourth, Fifth, Sixth, and Eighth Amendments against the various Buffalo County Attorneys, law enforcement officers, judges, and defense attorneys involved in his pending state criminal case. As discussed below, Plaintiff's Complaint fails to state a claim for relief against any Defendants for actions taken in the course of his criminal proceedings, and the court must abstain from exercising jurisdiction over his claims pursuant to the *Younger* abstention doctrine.

#### 1. Rules of Pleading

Plaintiff named Buffalo County Sheriff Niel Miller, Judge Ryan Carson, and Nancy S. Freberg as Defendants in his Complaint. However, none of these parties is mentioned within Plaintiff's factual allegations. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally

involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)). Because Plaintiff failed to allege that Miller, Judge Carson, and Freberg were personally involved in violating his constitutional rights, he failed to state a claim upon which relief may be granted against them. Moreover, any claims against these Defendants for actions taken in the course of Plaintiff's criminal proceedings would be subject to dismissal for reasons that follow.

### 2. Official Capacity Claims

Plaintiff makes claims against Judge Gerald Jorgensen; several of the prosecutors involved in his state court proceedings, Shawn Eatherton, Patrick Lee, Kari Fisk, and Mike Mefford of the Buffalo County Attorney's Office; and Buffalo County Sheriff Investigator Brandon Brueggemann who was involved in Plaintiff's arrest. Because Plaintiff does not specify in what capacity these Defendants are being sued, the court must assume they are sued in their official capacities. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)).

#### *i. Judge Jorgensen*

Liberally construed, Plaintiff's claims against Judge Jorgensen are claims against the State of Nebraska. *See Johnson*, 172 F.3d at 535 ("A suit against a public employee in his or her official capacity is merely a suit against the public employer."). The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the

7

employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981).

Here, Plaintiff seeks damages from Judge Jorgensen in his official capacity. As a judge within the Nebraska Judicial Branch, Judge Jorgensen is a state official, and Plaintiff's official-capacity claims are claims against the state. *See Tisdell v. Crow Wing Cty.*, No. CIV. 13-2531 PJS/LIB, 2014 WL 1757929, at *7 (D. Minn. Apr. 30, 2014) (official-capacity claims against state court judge are claims against state). There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, Plaintiff's claims for damages against Judge Jorgensen in his official capacity will be dismissed.

Even if Plaintiff had sued Judge Jorgensen in his individual capacity, his claims would have been barred by judicial immunity. A judge is immune from suit, including suits brought under § 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Here, Plaintiff alleges Judge Jorgensen "ruled in favor of the prosecution" with respect to the setting of Plaintiff's bond and has denied Plaintiff's subsequent requests for a bond review. (Filing No. 1 at CM/ECF pp. 6–7.) Although Plaintiff

8

alleges he acted in violation of his constitutional rights, Plaintiff alleges no facts suggesting Judge Jorgensen's actions fell outside the scope of his duties as a judge presiding over a criminal case or that Judge Jorgensen acted without jurisdiction. Accordingly, Judge Jorgensen is immune from suit and Plaintiff's claims against him are dismissed with prejudice.[3]

### ii. Prosecutors and Buffalo County Sheriff Investigator

Liberally construed, Plaintiff's claims against Eatherton, Lee, Fisk, Mefford, and Brueggemann are claims against Buffalo County. *See Johnson, supra*; *see also Parsons v. McCann*, 138 F. Supp. 3d 1086, 1098 (D. Neb. 2015) (claims against county attorneys in their official capacities were actually claims against county that employed them). In order to state a plausible claim against Buffalo County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

---

[3] While not alleged in the Complaint, it appears that Judge Ryan Carson is also involved in Plaintiff's state criminal proceedings. (*See* Filing No. 15 at CM/ECF p. 3.) As such, Judge Carson would also be entitled to absolute judicial immunity, and the court will dismiss Plaintiff's claims against Judge Carson with prejudice.

> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Buffalo County's attorneys and sheriffs, that Buffalo County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct, that any unconstitutional custom was the moving force behind his injuries, or that the County failed to adequately train its employees. Even with the most liberal construction, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against Buffalo County. In light of this, Plaintiff's claims against Eatherton, Lee, Fisk, Mefford, and Brueggemann in their official capacities are dismissed.

Additionally, Plaintiff cannot allege plausible claims against Buffalo County Attorneys Eatherton, Lee, Fisk, and Mefford in their individual capacities as they are entitled to absolute prosecutorial immunity. "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996). Here, Plaintiff does not allege any facts against the Buffalo County Attorneys that would fall outside the scope of their prosecutorial functions during Plaintiff's criminal

proceedings. Accordingly, the court will dismiss Plaintiff's claims against Eatherton, Lee, Fisk, and Mefford with prejudice as they are immune from suit.

### 3. Claims against Attorneys Stephen Potter and Chavez Shaw

Plaintiff alleges Potter and Shaw represent him in his state criminal case and generally asserts that they are ineffective in their representation of him. ([Filing No. 16](#).) However, [42 U.S.C. § 1983](#) specifically provides a cause of action against a person who, under color of state law, violates another's federal rights. *[West](#)*, 487 U.S. at 48. The conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law. *See [DuBose v. Kelly](#)*, 187 F.3d 999, 1003 (8th Cir. 1999). While a [§ 1983](#) claim may be brought against a private individual, if he or she conspires with a state actor to deprive an individual of a federally-protected right, *[Manis v. Sterling](#)*, 862 F.2d 679, 681 (8th Cir. 1988), the Complaint's allegations do not suggest any sort of conspiracy claim. Accordingly, the court will deny Plaintiff's motion to amend ([filing no. 16](#)) to add Chavez Shaw as a Defendant in this matter. The court declines to give Plaintiff an opportunity to amend his Complaint to sufficiently allege state action or conspiracy by Potter and Shaw because, as explained below, the court must refrain from exercising jurisdiction over Plaintiff's claims related to his state criminal case under the abstention doctrine set forth in *[Younger v. Harris](#)*, 401 U.S. 37 (1971).

### 4. *Younger* Abstention

Plaintiff asks this court to remove his bond and civil contempt and dismiss all charges against him. ([Filing No. 1 at CM/ECF p. 10](#).) As alleged in the Complaint, Plaintiff is currently incarcerated for a pending criminal case. The court does not have the proper jurisdiction to grant the relief sought. The abstention doctrine set forth in *[Younger v. Harris](#)*, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary circumstances, this court must abstain from exercising jurisdiction over any civil action that challenges Plaintiff's ongoing

11

criminal proceedings. *See Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). Plaintiff has alleged no such extraordinary circumstances in his Complaint or supplemental pleading. Thus, Plaintiff is advised that the court will not interfere with, or intervene in, his ongoing criminal proceedings. Moreover, to the extent that Plaintiff's claims are not barred by some form of immunity, the court declines to grant Plaintiff leave to amend his Complaint with respect to his claims related to his criminal case given that abstention is appropriate.

## B. Claims Related to Divorce Proceedings

In three of his motions to amend (filing no. 14; filing no. 18; filing no. 23), Plaintiff asserts what the court construes as due process claims arising out of his civil divorce proceedings against Lorilea Frank, Plaintiff's estranged wife's divorce attorney; the State of Nebraska; Governor Pete Ricketts; the Nebraska Attorney General; and Judge John Marsh. These claims will not be allowed to proceed for several reasons including the following.

First, claims related to Plaintiff's divorce proceedings are improperly joined in the present action. Federal Rule of Civil Procedure 20 states that multiple defendants may be joined in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*." Fed. R. Civ. P. 20(a)(2)(A) (emphasis added). In addition, there must be a "question of law or fact common to all defendants" in the action. Fed. R. Civ. P. 20(a)(2)(B). Here, Plaintiff's claims regarding his divorce case are unrelated to his complaints regarding his pending criminal prosecution and conditions of confinement in Buffalo County nor do his divorce-related claims involve a question of law or fact common to all the Defendants.

Second, Plaintiff cannot pursue relief against Lorilea Frank in an action brought under 42 U.S.C. § 1983 because he fails to allege that Frank is a state actor or that her conduct is attributable to the state. *See West*, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"); *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983."). As stated previously, the conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law. *See DuBose*, 187 F.3d at 1003.

Lastly, Plaintiff's request for injunctive relief in the form of compelling a judge to remain recused from Plaintiff's divorce case and ordering an alternate judge from Hall County to preside over his divorce is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding. *See West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); *see also Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990) (the *Rooker-Feldman* Doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief). As alleged, Plaintiff essentially asks the court to reject the state court's determination of the recusal issue and the court lacks jurisdiction to do so.

For the foregoing reasons, the court will deny Plaintiff's motions to amend (filing no. 14; filing no. 18; filing no. 23) to add defendants and claims related to his divorce proceedings.

**C. Claims Related to Confinement in Buffalo County Jail**

Plaintiff alleges Buffalo County Jail and Lieutenant Chad Hunt violated Plaintiff's rights under the First and Fourteenth[4] Amendments to the United States Constitution by: (1) recording all of Plaintiff's conversations; (2) subjecting Plaintiff to excessive noise; (3) denying Plaintiff outdoor recreation; (4) failing to provide adequate library and periodical materials; (5) preventing Plaintiff from attending bible study on July 10, 2019; and (6) impeding Plaintiff's access to the courts. (Filing No. 1 at CM/ECF pp. 8, 10; Filing No. 7; Filing No. 13 at CM/ECF p. 2; Filing No. 16.) Plaintiff also claims various jail medical personnel denied him proper medical care. (Filing No. 13 at CM/ECF pp. 1–2.)

As an initial matter, to the extent he asserts his claims against the Buffalo County Jail, Plaintiff fails to state a claim because a county jail is not a distinct legal entity subject to suit. *See Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."). Accordingly, any claims against the Buffalo County Jail are dismissed.

---

[4] Pretrial detainee § 1983 claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011). However, the distinction "makes little difference as a practical matter" because "[p]retrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007).

The only Defendants Plaintiff specifically referred to in his Complaint and motions to amend are Buffalo County Jail Director Lieutenant Chad Hunt, Dr. Bradley Rogers, and unspecified jail nurses, nurse practitioners, and physician's assistants. (*See* Filing No. 1 at CM/ECF pp. 1–2; Filing No. 13.) Thus, the court will analyze Plaintiff's claims with respect to these Defendants.

### 1. Lieutenant Hunt

Regarding Lieutenant Hunt, Plaintiff did not allege any facts regarding Hunt's involvement in the alleged constitutional violations, but rather appears to seek to impose liability on Hunt based on his position as "Buffalo County Jail Director." (Filing No. 1 at CM/ECF p. 2.) "It is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of violative practices.'" *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)).

Here, Plaintiff has alleged no facts with respect to Hunt's involvement in any of the alleged constitutional violations nor has Plaintiff alleged that Hunt failed to take corrective action or tacitly authorized any violative practices. Accordingly, Plaintiff has failed to state a claim for relief against Hunt.

### 2. Dr. Bradley Rogers and Buffalo County Medical Personnel

In a motion to amend ([filing no. 13](filing no. 13)), Plaintiff asks to add as Defendants Dr. Bradley Rogers, the Buffalo County Jail nurses, and any nurse practitioner or physician's assistant employed by the Buffalo County Jail. Plaintiff alleges the medical personnel violated his "civil rights to adequate medical care" because Dr. Rogers refused to order a hearing test as Plaintiff requested for the ringing in Plaintiff's ears and instead prescribes antibiotics which do not work. (*[Id. at CM/ECF pp. 1–2](Id. at CM/ECF pp. 1–2)*.)

To prevail on his medical care claim, Plaintiff must prove that the Defendants acted with deliberate indifference to his serious medical needs. *See [Estelle v. Gamble](Estelle v. Gamble)*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component. Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See [Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000)](Jolly v. Knudsen)* (quoting *[Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)](Dulany v. Carnahan)*).

"For a claim of deliberate indifference, the prisoner must show more than negligence, more than gross negligence, and mere disagreement with treatment decisions does not reach the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *[Popoalii v. Correctional Medical Services, 512 F.3d 488, 499 (8th Cir. 2008)](Popoalii v. Correctional Medical Services)* (internal quotation marks and citation omitted). A prisoner's mere disagreement with the course of his medical treatment fails to state a claim against a prison physician for deliberate indifference under the Eighth Amendment. *[Bender v. Regier, 385 F.3d 1133, 1137 (8th Cir. 2004)](Bender v. Regier)*.

As alleged, Plaintiff's Complaint fails to allege facts suggesting that Dr. Rogers or any Buffalo County Jail medical personnel were deliberately indifferent to his serious medical needs. Thus, Plaintiff has failed to state a plausible claim for

relief under the Fourteenth Amendment against these proposed Defendants and his motion to amend (filing no. 13) is denied.

### 3. Official Capacity Claims

Lastly, the court notes that Plaintiff has not specified the capacity in which he sues Hunt, Dr. Rogers, or the Buffalo County Jail medical personnel, and the court must presume they are sued in their official capacity. Consequently, Plaintiff's claims should be construed as being asserted against Buffalo County. *See Johnson*, 172 F.3d at 535. Plaintiff's Complaint, however, does not contain any factual allegations suggesting a Buffalo County policy or custom deprived him of a federal right or that the County failed to adequately train its employees. *See Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 694). Accordingly, Plaintiff has not stated a plausible claim for relief against Buffalo County.

Moreover, Plaintiff has already filed numerous amendments which the court has considered out of an abundance of caution, and, after reviewing the claims related to Plaintiff's confinement in the Buffalo County Jail, the court believes it would be futile to allow yet another amendment. Accordingly, the court will dismiss this action without prejudice.

## V. OTHER PENDING MOTIONS

As discussed above, Plaintiff's motions to amend to add defendants and additional claims (filing nos. 13, 14, 16, 18, & 23) are denied for the reasons stated in this order.

In addition, Plaintiff filed four motions for release (filing nos. 10, 11, 12, & 14) in which he asks the court to require Buffalo County to immediately release him on his own recognizance so that he may prosecute this action without any

17

impediment. As previously discussed, the court does not have proper jurisdiction to grant this relief pursuant to the *Younger* abstention doctrine. Plaintiff's motions for release, therefore, are denied.

Plaintiff also filed a motion ([filing no. 9](filing no. 9)) asking the court to issue a progression order no later than thirty days after the date the Complaint was filed. In addition, Plaintiff filed two motions to amend the amount of his claim. (Filing Nos. [13](13) & [17](17).) Because the court has determined that the Complaint fails to state a claim for relief, the court will deny Plaintiff's motions as moot.

### VI. CONCLUSION

Plaintiff's Complaint fails to state a plausible claim for relief against any named Defendant in their official capacity. Defendants Judge Jorgensen, Judge Carson, Shawn Eatherton, Patrick Lee, Kari Fisk, and Mike Mefford are immune from suit, and to the extent Plaintiff's claims related to his pending state criminal case are not barred by some form of immunity, the court lacks proper jurisdiction to grant the relief Plaintiff requests pursuant to the *Younger* abstention doctrine. The Complaint also fails to allege a plausible claim for relief against Defendant Chad Hunt, Buffalo County, or any other purported Defendant with respect to Plaintiff's claims related to his confinement in the Buffalo County Jail. Because the court concludes further amendment of Plaintiff's confinement-related claims would be futile, this matter is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendants Judge Jorgensen, Judge Carson, Shawn Eatherton, Patrick Lee, Kari Fisk, and Mike Mefford are dismissed with prejudice as these Defendants are immune from suit.

2. This action is dismissed without prejudice.

2. The court will enter judgment by a separate document.

3. Plaintiff's pending motions (filing nos. 9, 10, 11, 12, 13, 14, 16, 17, 18, & 23) are denied for the reasons stated in this Memorandum and Order.

Dated this 6th day of August, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge